NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED



AUG 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARMANDEEP SINGH,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-3639<br><br>Agency No.<br>A215-678-786<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 21, 2024**
San Francisco, California

Before: BERZON, BRESS, and VANDYKE, Circuit Judges.

Harmandeep Singh petitions for review of a Board of Immigration Appeals

(BIA) decision affirming an immigration judge's (IJ) denial of his application for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition.

We review factual findings on "the record 'as a whole'" "for substantial evidence, meaning that the determination must be supported by 'reasonable, substantial, and probative evidence.'" *De Leon v. Garland*, 51 F.4th 992, 999 (9th Cir. 2022) (first quoting *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014), then quoting *Lopez v. Sessions*, 901 F.3d 1071, 1074 (9th Cir. 2018)). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also De Leon*, 51 F.4th at 999.

Singh bears the burden of proving he is eligible for asylum. 8 U.S.C. § 1158(b)(1)(B)(i). Without corroboration, his testimony can sustain this burden only if it is "credible, . . . persuasive, and . . . specific." *Id.* § 1158(b)(1)(B)(ii). "[A]n applicant who 'fails to satisfy the lower standard of proof required to establish eligibility for asylum necessarily fails to demonstrate eligibility for withholding.'" *Singh v. Garland*, 57 F.4th 643, 658 (9th Cir. 2023) (cleaned up) (quoting *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000)).

First, Singh stated at his credible fear interview that before he left India, he was beaten up two times about a month apart by members of a rival political party. After discussing the first attack, Singh was asked, "[w]hen was the second time they

beat you?" Singh did not tell the asylum officer that "they" were the same people from the first attack. Discussing the second attack, he said that he knew his attackers were from the BJP (the Bharatiya Janata Party) because they had a BJP logo on their car, not because he recognized them from the earlier attack. He also said that his attackers knew Singh was a member of the Mann party because of a logo on his motorbike, not because they recognized him from the earlier incident. In his asylum application several months later, Singh stated that he was attacked twice but again did not specify that the attackers were the same. He referred to his attackers in the second incident as "four people," not the *same* four people, and again referred to their vehicle having a BJP logo. Later, at his removal hearing, Singh stated that the same four men carried out both attacks. The IJ concluded and the BIA affirmed that Singh's omission of this detail—that the attackers were the same—in his interview and application undermined his credibility. The BIA's conclusion that the interview and the asylum application are inconsistent with the later testimony that the attackers were the same both times is a plausible interpretation of Singh's testimony. The BIA's determination that there was in this regard a contradiction that supported an adverse credibility finding is therefore supported by substantial evidence.

Second, there were apparently contradictory dates on affidavits Singh submitted to corroborate his account, with English-translated copies dated *earlier* than the purportedly original Punjabi versions. The IJ and the BIA concluded that

3

Singh failed to explain adequately these discrepancies when given the chance and therefore gave these documents limited weight. Whether or not the discrepancies are attributable to Singh, they justify giving limited weight to the affidavits as corroborating Singh's testimony.

Third, Singh testified at the hearing that after the first attack, a doctor gave Singh pain medication, bandaged a scratch above Singh's left eye, and told him to rest. But the affidavit purportedly from that doctor (dated nearly two years after the attack) states that the doctor gave Singh medication and told him to rest. It does not mention any injuries to Singh's face or bandages or other treatments for facial injuries. The IJ found that Singh's hearing testimony was inconsistent with the doctor's affidavit. Separately, the IJ justifiably afforded limited weight to the doctor's affidavit because it was one of the translated documents with contradictory dates.

Fourth, the IJ found that Singh's demeanor and behavior at the hearing—including his facial expressions, eye contact, other nonverbal cues, and evasiveness—indicated a lack of candor. An IJ "may base a credibility determination on . . . demeanor, candor, or responsiveness." 8 U.S.C. § 1158(b)(1)(B)(iii). Adverse determinations "should specifically point out the noncredible aspects of the petitioner's demeanor." *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010).

4

Here, the IJ's demeanor finding, based on Singh's specific behaviors during the hearing, meets this standard and so supports the adverse credibility finding.

We cannot on this record conclude that any reasonable adjudicator would be compelled to find Singh credible. Singh does not challenge the BIA's conclusion that absent credible testimony and giving limited weight to his supporting affidavits, the other evidence did not meet his burden of establishing that he is eligible for asylum or withholding.

Finally, Singh waived his CAT claim. He did not mention the claim in his opening brief, nor did he reply after the government raised it in its answering brief.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. Singh's motion for a stay of removal is otherwise denied.